**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Joey L. White, | ) | C.A. No.: 3:09-cv-02705-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andersen Distribution, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This employment litigation matter is before the Court upon Plaintiff Joey L. White's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R" or "Report"), which recommends that this court grant Andersen Distribution, Inc.'s ("Defendant") motion for summary judgment. Plaintiff has two claims against Defendant, which White identified at a hearing before the Magistrate and later confirmed in his deposition— Plaintiff's claims are failure to promote him to a supervisory position based on his race and retaliation for filing a charge of discrimination with the South Carolina Human Affairs Commission ("SCHAC"). Having reviewed the entire record, including Plaintiff's objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## LEGAL STANDARDS

### I.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has

1

no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II.     Legal Standard for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## ANALYSIS

The Magistrate Judge's Report and Recommendation sets forth in detail the relevant facts and the applicable law to this matter, and the court incorporates such without a recitation and

2

without a hearing.  As an initial matter, this Court notes that Plaintiff has filed an Objection to Report and Recommendation, but in his Objection, White has not mentioned the R&R, nor has he made any specific objections to the Magistrate Judge's findings.  Plaintiff's Objection merely restates the facts of his case and then makes legal conclusions that are stated matter-of-factly but are unsupported by the record.  Nevertheless, in an effort to show deference to this *pro se* Plaintiff, this Court discusses below any objections that could be implied from Plaintiff's submission.

## I.    Failure to Promote Claim

Plaintiff alleges that Andersen failed to promote him to lead position on two separate occasions, once in 2005 and once in 2006, because he is African-American.  White further claims that he has exhausted his claims through the administrative process.  "Before filing a suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC."  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e-5(f)(1).  Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court.  *See, e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) (stating that "receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f).  The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit.  Rather, Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation.  First, an administrative charge notifies the employer of the alleged discrimination.  This notice gives the employer an initial opportunity

3

to voluntarily and independently investigate and resolve the alleged discriminatory action. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted).

After considering Plaintiff's claim, the Magistrate Judge recommended that the court grant Defendant's motion for summary judgment because the Plaintiff failed to exhaust his claim for failure to promote. In making this recommendation, the Magistrate Judge reached two alternative conclusions: first, that Plaintiff failed to file a timely charge of discrimination and, second, that even if Plaintiff did file a timely charge against Andersen, he did not raise his failure to promote claim in the charge.

In his R&R, the Magistrate Judge has set forth a detailed and well-reasoned analysis of why White's claims to SCHAC were untimely. The Magistrate Judge points out that "[e]ven if the alleged discrimination took place on the last day of 2006, and the date of the filing of the initial questionnaire is used as the date of the filing of the charge, it was still not timely charged." (R&R, p. 5). In his Objection to the Report and Recommendation, White fails to address the issue of timeliness—he simply states that he "exhausted his administrative remedies" and provides the Court with the history of his administrative filings.

Additionally, the Magistrate Judge identifies that White omitted his failure to promote claim from the charge that he filed with SCHAC. The Magistrate Judge further notes that the failure to promote claim was not related to the claims articulated in the charge, nor was the claim developed in SCHAC's investigation. As such, regardless of the timeliness of the failure to promote claim, Andersen was never put on notice of the claim. In response to Plaintiff's

4

assertion in his Objections that "the failure to promote claim was omitted [] due to the incompetence of the agency," (Objection, p. 4), the Court points out that Plaintiff signed the Charge of Discrimination and that he limited the period of discrimination from February 14, 2008 to April 3, 2008 in the charge.

This Court finds that the record supports the Magistrate Judge's conclusion that Plaintiff failed to exhaust his claim for failure to promote. Furthermore, Plaintiff has failed to present any arguments to rebut these conclusions. As such, this Court grants Defendant's motion for summary judgment with respect to Plaintiff's claim for failure to promote.

## II.    Retaliation Claim

Plaintiff's second claim is that he was subject to retaliation for filing a claim of discrimination with SCHAC. White confirmed the nature of his second claim both in a hearing before the Magistrate Judge and in his own deposition. In order to establish a prima facie case of retaliation, it must be demonstrated that:

(1)    the employee engaged in protected activity;

(2)    the employer took some adverse employment action against the employee; and

(3)    a causal connection existed between the protected activity and the adverse action.

See *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 458 (4th Cir. 2002); *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce evidence of a legitimate, non-retaliatory reason for the adverse action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the defendant meets this burden, the plaintiff must show by a preponderance of the evidence that the proffered reason was pretextual, and that the adverse action was imposed

5

because the plaintiff engaged in protected activity.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).  A plaintiff need not have filed a formal complaint with the EEOC or a state deferral agency to engage in protected activity.  Complaints to supervisory or management employees concerning harassment or discriminatory treatment as well as informal complaints, filing of internal grievances, and complaints to an agency are included within the definition of protected activity.  *Warren v. Halstead Industries, Inc.*, 802 F.2d 746, cert. denied, 487 U.S. 1218 (1988); *Mitchell v. Baldridge*, 759 F.2d 80 (D.C. Cir. 1985).

The Fourth Circuit, in *Von Gunten v. Maryland*, addressed what an "adverse employment action" is for purposes of a Title VII retaliation claim.  243 F.3d 858 (2001).  Although "ultimate employment actions" are adverse employment actions, at Title VII retaliation claim does not require an ultimate employment action.  *Id.* at 864–66.  In *Burlington Northern & Sante Fe R.R. Co. v. White*, 548 U.S. 53 (2006), the Supreme Court held that a plaintiff is not required to show "an adverse effect on the 'terms, conditions, or benefits' of employment" to support a retaliation claim (quoting *Von Gunten*, 243 F.3d at 866).  It is sufficient if the plaintiff shows that a reasonable employee finds the employment action "materially adverse" or likely to "dissuade a reasonable worker from making or supporting a charge of discrimination."  *Id.* at 60 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

This Court agrees with the Magistrate's conclusion that the verbal harassment complained of by Plaintiff does not rise to the level of "material harm" as defined in *Burlington Northern*, and the Court further agrees with the Magistrate Judge's conclusion that Plaintiff's suspensions would qualify as a "material harm" under the same standard.  Despite this finding of a material harm, Plaintiff has failed to show a causal connection between either the verbal

harassments or the suspensions and Plaintiff's complaint to SCHAC.  As to the questionnaire that Plaintiff filed with SCHAC in November of 2007, this Court adopts the Magistrate Judge's reasoning that there is no reason or evidence that SCHAC would have notified Andersen of White's complaint at that preliminary stage of the process, and Plaintiff has been unable to prove that anyone at Andersen knew about that complaint.

Although Plaintiff claimed Andersen's retaliation was in response to Plaintiff's SCHAC complaint, in his Objection Plaintiff seems to allege that Andersen retaliated after a group, including Plaintiff, complained to a manager at Andersen about the treatment of African-American employees.  Plaintiff is correct that "complaining to Andersen management . . . and being suspended a few months later would indeed indicate a protected activity and a [sic] adverse action."  (Objection, p. 6).  However, there is very little in the record about the group complaint that White was a part of in 2007.  Similarly, there is very little in the record about Plaintiff's suspensions.  Most importantly, Plaintiff has been unable to show any causal connection between the events, which is required to show a prima facie case of retaliation.  As such, this Court is constrained to hold that Plaintiff's retaliation claim must be dismissed.

### III.  <u>Hostile Work Environment Claim</u>

Out of an abundance of caution, the Magistrate Judge discussed whether White was subjected to a racially hostile work environment even though that claim was not included by Plaintiff in his specification of claims.  Plaintiff has failed to object to the Magistrate Judge's analysis as to any hostile work environment claim, and, as such, this Court adopts the Magistrate Judge's reasoning and conclusion in its entirety.

## **CONCLUSION**

Therefore, it is ordered that Defendant's motion for summary judgment is granted in its

entirety.

IT IS SO ORDERED.

September 23, 2011                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge